# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

TAMMIE M. MARCHANT,

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.

No. 17-CV-3025-CJW

**ORDER**

_____

The claimant, Tammie M. Marchant ("claimant"), seeks judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34 (Act). Claimant contends that the Administrative Law Judge ("ALJ") erred in determining that claimant was not disabled. For the reasons that follow, the ALJ's decision is hereby **affirmed**.

## I.  BACKGROUND

The Court adopts the facts as set forth in the parties' Joint Statement of facts and, therefore, will summarize only the pertinent facts. (Doc. 13). Claimant was 52 years old when she allegedly became disabled and 55 years old at the time of the ALJ's decision. (*Id.*, at 2). Claimant completed the eleventh grade and has past work experience as a job coach, cook, supervisor, store owner, and sheltered workshop supervisor. (*Id.*; AR 20).[1]

---

[1] "AR" refers to the administrative record below.

On May 21, 2013, claimant protectively filed an application for disability and disability insurance benefits alleging a disability onset date of January 9, 2013. (AR 14). The Social Security Administration denied claimant's application initially and on reconsideration. (AR 14). On December 15, 2015, ALJ Michael D. Shilling held a hearing, and on January 28, 2016, the ALJ found claimant was not disabled. (AR 14-21). On January 26, 2017, the Appeals Council denied claimant's request for review. (AR 1-4).

On March 31, 2017, claimant filed her Complaint in this Court. (Doc. 1). Claimant and the Commissioner both consented to proceedings before the undersigned magistrate, including final disposition of the case, and the Honorable Linda R. Reade, United States District Court Judge, reassigned this case to the undersigned. (Doc. 8). On October 25, 2017, the Court deemed this case fully submitted and ready for decision.

## II. DISABILITY DETERMINATIONS AND THE BURDEN OF PROOF

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual has a disability when, due to his physical or mental impairments, "he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). If the claimant is able to do work which exists in the national economy but is unemployed because of inability to get work, lack of opportunities in the local area, economic conditions, employer hiring practices, or other factors, the ALJ will still find the claimant not disabled.

To determine whether a claimant has a disability within the meaning of the Act, the Commissioner follows the five-step sequential evaluation process outlined in the regulations. *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007). First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). "Substantial" work activity involves physical or mental activities. "Gainful" activity is work done for pay or profit, even if the claimant did not ultimately receive pay or profit.

Second, if the claimant is not engaged in substantial gainful activity, then the Commissioner looks to the severity of the claimant's physical and mental impairments. § 416.920(a)(4)(ii). If the impairments are not severe, then the claimant is not disabled. An impairment is not severe if it does "not significantly limit [a] claimant's physical or mental ability to do basic work activities." *Kirby*, 500 F.3d at 707.

The ability to do basic work activities means the ability and aptitude necessary to perform most jobs. *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987). These include: (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.*; *see also* 20 C.F.R. § 404.1521.

Third, if the claimant has a severe impairment, then the Commissioner will determine the medical severity of the impairment. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled regardless of age, education, and work experience. *Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's residual functional capacity (RFC) and the demands of his past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant can still do his past relevant work, then he is considered not disabled. (*Id.*). Past relevant work is any work the claimant performed within the fifteen years prior to his application that was substantial gainful activity and lasted long enough for the claimant to learn how to do it. § 416.960(b). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite [ ] her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (citations and internal quotation marks omitted). The RFC is based on all relevant medical and other evidence. The claimant is responsible for providing the evidence the Commissioner will use to determine the RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). If a claimant retains enough RFC to perform past relevant work, then the claimant is not disabled.

Fifth, if the claimant's RFC as determined in Step Four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to show there is other work the claimant can do, given the claimant's RFC, age, education, and work experience. The Commissioner must show not only that the claimant's RFC will allow him to make the adjustment to other work, but also that other work exists in significant numbers in the national economy. *Eichelberger*, 390 F.3d at 591. If the claimant can make the adjustment, then the Commissioner will find the claimant not disabled. At Step Five, the Commissioner has the responsibility of developing the claimant's medical history before making a determination about the existence of a disability. The burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

## III. THE ALJ'S FINDINGS

The ALJ made the following findings at each step:

At Step One, the ALJ found that claimant had not engaged in substantial gainful activity since January 9, 2013, the alleged onset date of her disability. (AR 16).

At Step Two, the ALJ found that claimant had the severe impairments of "obesity, status post-cerebrovascular accident (CVA), mild degenerative disc disease of the right shoulder, and degenerative disc disease of the cervical and lumbar spines." (*Id.*). The ALJ further discussed claimant's other diagnoses and explained why he found that those other diagnoses were not severe medical impairments within the meaning of the Act. (AR 16-17).

At Step Three, the ALJ found that none of claimant's impairments met or equaled a presumptively disabling impairment listed in the relevant regulations. (AR 17).

At Step Four, the ALJ found claimant had the residual functional capacity to perform light work with the following limitations:

> [claimant] can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand or walk a total of 6 hours in an 8-hour workday and sit up to 6 hours in an 8-hour workday. She can occasionally climb stairs, but never climb ropes, scaffolds or ladders. She can occasionally balance, stoop, crouch, kneel, or crawl.

(AR 17). Also at Step Four, the ALJ determined that claimant was able to perform past relevant work as a sheltered workshop supervisor and, therefore, did not reach Step Five. (AR 20-21).

## IV. THE SUBSTANTIAL EVIDENCE STANDARD

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial

evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645 (citations and internal quotation marks omitted). The Eighth Circuit Court of Appeals explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (citations and internal quotation marks omitted).

In determining whether the Commissioner's decision meets this standard, a court "consider[s] all of the evidence that was before the ALJ, but . . . do[es] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005) (citation omitted). A court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The Court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the Court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The Court, however, "do[es] not reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (quoting *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the Court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the Court] must affirm the [Commissioner's]

denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the Court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The Court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion" (citation omitted).).

## V.   DISCUSSION

Claimant argues that the ALJ's residual functional capacity assessment at Step Four was flawed because it was not supported by substantial evidence from a treating or examining source. (Doc. 14). Claimant primarily argues that the ALJ's reliance on the opinions of only the state agency medical consultants, as opposed to the opinions of treating or examining sources, was erroneous. Claimant argues that the ALJ should have obtained evidence from claimant's treating sources, and that the ALJ's failure to do so amounted to a failure to adequately develop the record. (*Id.*). In support of this argument, claimant argues that the opinions of non-treating or non-examining sources alone cannot constitute substantial evidence on the record as a whole. (*Id.*, at 3-4). Claimant further argues that the state medical consultants' opinions upon which the ALJ based his decision were out-of-date because those opinions were rendered in November 2013, and January 2014, while additional evidence only came into existence between March 2014, and October 2015. (*Id.*).

Claimant's suggestion that an ALJ's decision cannot stand in the complete absence of a treating source's opinion is erroneous. Rather, where an ALJ does not rely on opinions from treating or examining sources, there must be some other medical evidence in order for the ALJ's opinion to be supported by substantial evidence on the record.

*Harvey v. Barnhart*, 368 F.3d 1013, 1016 (8th Cir. 2004) ("It is true that we do not consider the opinions of non-examining consulting physicians *standing alone* to be 'substantial evidence.'" (emphasis added)). As in *Harvey*, the ALJ in the instant case did not consider only those opinions rendered by the state agency medical consultants. (*Id.*). The ALJ in both cases relied on the non-treating and non-examining source opinions as only *part* of the record. (*Id.*). Thus, the ALJ's opinion does not fail on its face.

It is necessary, then, to consider whether the remainder of the evidence on the record could provide substantial evidence upon which the ALJ could base his opinion. That is, within the context of claimant's allegations, the Court must turn to whether the ALJ could properly rely on the opinions of the state agency consultants, even though their opinions were rendered prior to the formulation of additional medical evidence in support of claimant's application for benefits. Social Security Regulation 96-6p, which was in effect at the time of the ALJ's decision, provides that an ALJ must obtain an updated medical opinion if "additional medical evidence is received that *in the opinion of the administrative law judge* . . . may change the State agency medical or psychological consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments." SSR 96-6p (emphasis added). *See also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("[B]ecause state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision. The Social Security regulations impose no limit on how much time may pass between a report and the ALJ's reliance on it." (citing SSR 96-6p)). The ALJ did not opine that additional evidence could change the state agency consultants' findings. Further, claimant did not argue that the ALJ's failure to issue such a finding was erroneous. Thus, the ALJ's declination to order additional opinions on this basis will not be found improper.

It is necessary to determine whether the ALJ's duty to fully and fairly develop the record created an obligation to obtain an opinion from a treating or examining source. Although the ALJ's opinion must be supported by some medical evidence, this standard does not require that a treating or examining source opinion always be included in the record. *See Harvey v. Colvin*, 839 F.3d 714, 717 (8th Cir. 2016). Rather, the ALJ's residual functional capacity assessment must merely be supported by "some medical evidence of the claimant's ability to function in the workplace," and an "ALJ is not limited to considering medical evidence exclusively." (*Id.* (citation and internal quotation marks omitted)). An ALJ is only required to contact treating sources "when the medical evidence received from them is inadequate to determine a claimant's disability." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007) (citing 20 C.F.R. § 416.912).

Claimant argues that the ALJ should have contacted Dr. Abhishake Kaapuraala, claimant's treating physician, for additional information because the information of record was inadequate to support the ALJ's determination. Claimant fails, however, to fully develop this argument. On the Court's reading, the record evidence seems plenty adequate to support the ALJ's decision. In fact, the ALJ thoroughly discusses both the medical evidence presented and claimant's own complaints before finally determining that although claimant was not disabled, her various ailments warranted some degree of restriction. (AR 17-20).

Further, in determining claimant's residual functional capacity, the ALJ considered, in part, claimant's actions that contradicted her claims regarding her physical limitations. For example, the ALJ noted that "claimant collected unemployment through the third quarter of 2013, which required her to represent that she was able [and] willing to work, which is inconsistent with her application for disability, which was filed in the second quarter of 2013." (AR 19). Additionally, the ALJ considered claimant's activities of daily living in determining claimant's residual functional capacity and found that those

9

activities were inconsistent with claimant being totally disabled. (AR 20). Therefore, the Court finds that the medical evidence of record was adequate to support the ALJ's findings and the ALJ did not err in not contacting claimant's treating physician.

Finally, claimant urges that the ALJ should have ordered a consultative examination. Specifically, claimant again turns to the medical testing—two separate MRI's and an X-Ray—conducted after the state agency consultants rendered their opinions as support for this contention. However, the ALJ specifically discussed all three tests referenced by claimant (AR 16, 19) and upon a review of the record, the Court finds that the medical records provided the necessary information for the ALJ to reach an informed decision. *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir.) ("[I]t is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." (citation and internal quotation marks omitted)). The ALJ's thorough discussion indicates that these tests were considered in determining the claimant's residual functional capacity, and the Court finds that the record permitted the ALJ to make an informed decision. Therefore, the Court declines to adopt the claimant's argument that the ALJ should have ordered a consultative examination.

## VI. CONCLUSION

For the aforementioned reasons, the ALJ's decision is hereby **affirmed**.

**IT IS SO ORDERED** this 8th day of November, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa